

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| OREE ROBERSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-997-A |
| | § | (NO. 4:17-CR-112-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

On December 19, 2018, Oree Roberson ("movant") filed a document titled "Writ of Habeas Corpus for an Application 2241 Stemming From an Unlawful Statutory Structure Violation Upon a Substantial Constitutional Violation." Doc.[1] 1. The court, being satisfied that no other conclusion could be reached but that the document was, instead, a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, cautioned movant that the document would be so construed. By order signed December 20, 2018, the court gave movant an opportunity to withdraw the motion. Doc. 5. Movant did not withdraw his motion and the court issued its customary service order, requiring the government to respond. Doc. 6. Having considered the motion, the response, the record, including the record in Case No. 4:17-CR-112-A, styled

---

[1]The "Doc. __" reference is to the number of the item on the docket in this civil action.

"United States v. Oree Roberson," finds that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On July 12, 2017, movant was named in a one-count felony information charging him with distribution of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). CR Doc.[2] 12. On July 19, 2017, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 17. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 19. They also signed a waiver of indictment. CR Doc. 18. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline

---

[2]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-112-A.

2

range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. Movant stated that he understood he had the right to insist on an indictment and that he waived that right. CR Doc. 40.

The probation officer prepared a PSR reflecting that movant's base offense level was 28. CR Doc. 22, ¶ 34. He received a two-level increase for possession of a dangerous weapon during the offense. Id. ¶ 35. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 41, 42. Based on his total offense level of 27 and criminal history category of VI, movant's guideline range was 130-162 months. Id. ¶ 104. The PSR also discussed factors that might warrant an upward departure and sentence outside the advisory guideline range. Id. ¶¶ 118-20. Movant filed objections, CR Doc. 25, and the probation officer prepared an addendum to the PSR, CR Doc. 28, rejecting the contention that movant should not receive a two-level enhancement

for possession of a firearm and leaving to the court to determine whether an above-guideline sentence would be appropriate.

On November 3, 2017, the court sentenced movant to a term of imprisonment of 180 months. CR Doc. 34; CR Doc. 41. Movant appealed and his sentence was affirmed. United States v. Roberson, 736 F. App'x 87 (5th Cir. 2018).

II.

Grounds of the Motion

The grounds of movant's motion are not spelled out. Doc. 1. As best the court can tell, this is a case of "when all else fails, blame the lawyer." See United States v. Faubion, 19 F.3d 226, 232 (5th Cir. 1994). Movant seems to complain that his attorney failed to properly advise him and that he did not have a full understanding of his rights when he entered his guilty plea.

III.

Applicable Legal Standards

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional

4

or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Although pro se filings are to be liberally construed, the court is not required to guess or to develop arguments on a litigant's behalf. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). Conclusory allegations are insufficient to raise a constitutional issue. Id.; Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). And, here, the court cannot discern anything more than conclusory allegations about the nature of lawyers from movant's perspective. See, e.g., Doc. 1 at 3 ("[a]ttorneys are professional liars").

Movant mentions that a plea must be knowing and voluntary, Doc. 1 at 5; however, he alleges no facts to support a claim that his plea was not knowing and voluntary. The record reflects that movant was aware of the true nature of the charge against him and entered his plea voluntarily and knowingly, as the court found. CR Doc. 40. Movant has not come forward with evidence to rebut the strong presumption of verity attached to his solemn declarations in open court at his plea hearing. Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Palmer, 456 F.3d 484, 491 (5th Cir. 2006).

Finally, movant mentions that a guilty plea does not waive the right to challenge the constitutionality of the underlying

7

statute. Doc. 1 at 5. However, he does not explain what possible constitutional challenge he might have.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 11, 2019.

_____
JOHN McBRYDE
United States District Judge